Jones, J.
(dissenting). I am obliged to dissent in observance of what I perceive to be proper jurisprudential restraint. All agree that in this maritime action instituted in State court Federal maritime law governs. Our sole responsibility then is to determine the applicable Federal law. If the present state of such law is reasonably clear, we are not free to speculate what it may some day come to be.
In Igneri v Cie. de Transports Oceaniques (323 F2d 257, cert den 376 US 949) the Circuit Court of Appeals for the Second Circuit, within the territorial boundaries of which circuit our court sits, decided explicitly in 1963 that loss of consortium was not recognized under Federal maritime law. That determination is recognized as binding on the Federal District Courts within the Second Circuit (Tornatore v Koninklijke Nederlandsche Stoomboot Maatschappij, N. V. "Sinon”, USDCEDNY, Docket No. 75 C 69 [Dec. 6, 1976]; cf. Giglio v Farrell Lines, 424 F Supp 927, mot for lv to app den 2d Cir., Docket No. 77-8014 [Feb. 17, 1977]).* It is urged, however, that the decision of the Supreme Court of the United States in Sea-Land Servs. v Gaudet (414 US 573) in 1974 impliedly if not expressly overruled Igneri. Plaintiff constructs an appealing *644 argument to support that conclusion. Were the Federal slate clean and were we therefore free to resolve the issue, it might well be that this argument, buttressed by the expanding recognition of loss of consortium at the common law, should be accepted. Again, however, it is our discipline to follow the controlling decisions of the Federal courts. In Christofferson v Halliburton Co. (534 F2d 1147) the Circuit Court of Appeals for the Fifth Circuit not only adhered to the holding in Igneri but expressly concluded that Igneri was not overruled by Gaudet. In sum, whatever may be the differences of opinion among the Federal District Courts or the views expressed by other State courts, the only two Circuit Courts of Appeals which have addressed the issue have denied recovery for loss of consortium — one in our own circuit and the other, in the Fifth Circuit, which considered and rejected arguments that Gaudet had changed the law.
Not only, in my analysis, is the present state of the applicable Federal law clear, but even if it be recognized that Federal maritime law, as is true of most fields of the law, is and should be subject to the dynamics of appropriate growth and refinement, in my opinion the responsibility for such development properly rests with the Federal courts. Whatever may be our privilege, indeed our obligation, as a common-law court to share responsibility for the evolution and responsiveness of the common law, it is not fitting that we should venture decisional contributions to the developmental processes of maritime law which is characterized by peculiarities, even idiosyncrasies. We are neither qualified by judicial experience nor, inasmuch as any decision we hand down will have no precedential significance in the Federal courts, can we be held jurisprudentially responsible for the determination which we decide to make.
Accordingly, under constraint of the present state of Federal law, I would reverse the order of the Appellate Division and deny the motion to amend the complaint.
Chief Judge Cooke and Judges Gabrielli, Wachtler and Fuchsberg concur with Judge Jasen; Judge Jones dissents and votes to reverse in a separate opinion.
Order affirmed, etc.

 In Giglio, a panel of the Court of Appeals for the Second Circuit declined an express invitation to overrule Igneri. That the court thereby left standing the District Court’s view that the time may have come for such overruling is not to be construed as approval or rejection of that view (cf. the denial of petitions for writs of certiorari by the United States Supreme Court). It is noted that the Giglio case has subsequently been dismissed in its entirety (USDCSDNY, Docket No. 75 Civ 6359 [Jan. 5, 1979]) and an appeal is now pending from that disposition (2d Cir, Docket No. 79-7078).